IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DANIEL E. SMELKO,**                                Case No. 5:17 CV 1673

      Petitioner,                                     Judge Jeffrey J. Helmick

      v.                                              Magistrate Judge James R. Knepp, II

**WARDEN DAVID MARQUIS,**

      Respondent.                                     REPORT AND RECOMMENDATION

## INTRODUCTION

Pending before the Court is *pro se* Petitioner Daniel E. Smelko's Motion for Summary Judgment (Doc. 2), to which Respondent filed an opposition (Doc. 7). For the reasons discussed below, the undersigned recommends the motion be DENIED.

## DISCUSSION

On July 27, 2017[1], Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). In it, he raised a single ground for relief:

> **GROUND ONE:** Petitioner was denied his right, under the United States and Ohio Constitutions, to appeal his state criminal conviction; where the trial court failed to advise him that he had: (1) a right to appeal; (2) a right to appointment of counsel, if he was unable to obtain counsel for an appeal; and (3) a right to have a notice of appeal timely filed on his behalf. Petitioner was diligent in filing a motion for delayed appeal: as so [sic] as he was made aware of *said* appeal rights.

---

1. Pursuant to the prison mailbox rule, a *pro se* prisoner's pleading "is deemed filed when the inmate gives the document to prison officials to be mailed." *In re: Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). *See* Doc. 1, at 8-9 (representing that Petition was placed in the prison mailing system on July 27, 2017).

> **Supporting facts:** Although Petitioner had plead [sic] guilty to his criminal charges; he still retained the right to appeal: (1) Abuse of Discretion by the trial court for violating his constitutional and statutory rights *during the guilty plea proceeding*; and (2) ineffective-assistance-of-trial-counsel, for violating his constitutional rights *during the guilty plea proceeding*.

(Doc. 1, at 4). Contemporaneously, Petitioner filed a "Petitioner-Initiated Motion for Summary Judgment". (Doc. 2). Respondent filed an opposition, contending, *inter alia*, that there was a disputed question of fact regarding "whether, in the five years from the time of his guilty plea to the filing of his federal habeas petition, he in fact was aware of an asserted right to appeal." (Doc. 7, at 2). Subsequently, Respondent has filed a Motion to Dismiss, contending the Petition contains no cognizable claim, and that the Petition was filed beyond the one-year statute of limitations. (Doc. 12).  Petitioner's response to this Motion is not yet due.

The Court notes that habeas relief is not granted simply because a prisoner files a petition for a writ of habeas corpus. Rather, the Court considers the petition, and the briefs filed by the parties, before making a recommendation on the relief sought. 28 U.S.C. § 2254(d).The burden to show that one is in custody in violation of the Constitution is on the petitioner. *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970). And the Sixth Circuit has found that default judgments are not available in habeas corpus proceedings. *Id.* As another district court within the Sixth Circuit explained regarding a situation where a Petitioner moved for summary judgment when a Respondent failed to respond:

> "There is no way a § 2254 case can be decided on a petitioner's submission only, and a court should not put itself in a position of considering the petition without a response by the respondent." *Mahaday v. Cason,* 222 F.Supp.2d 918, 921 (E.D.Mich.2002) (citing to *Beall v. Cockrell,* 174 F.Supp.2d 512 (N.D.Tex.2001)). While another judge in this district has refused to grant an extension of time to the State of Michigan to file an answer and has considered a habeas petition without having the benefit of an answer from the respondent, *see Wilkerson v. Jones,* 211 F.Supp.2d 856 (E.D.Mich.2002), the problem with this approach is that any such decision by the court "creates a self-inflicted wound," because without a response

> from the State of Michigan, "a judge is left with a one-sided view of the habeas
> corpus petition-that of the prisoner, who is most likely untrained in the law and has
> submitted a short petition to the court that does not include records and transcripts
> from the court proceedings in which the prisoner was convicted." *Mahaday,* 222
> F.Supp.2d at 921. Under these circumstances, a judge is unable to "isolate the
> precise contours of the dispute", because he or she would be "missing half of the
> story," *i.e.,* the state court proceedings, which are necessary to properly adjudicate
> the habeas petition. *Id.* Therefore, although an expeditious review of a habeas
> petition is desirable, a quick adjudication of the petition should not be done at the
> expense of an incomplete review. *Id.* at 922.

*Rizk v. Prelesnick,* 2010 WL 259039, at *4 (E.D. Mich.); *see also Hillman v. Warden*, 2009 WL

3126606, at *2 (S.D. Ohio) (denying petitioner's motion for summary judgment for failure to

answer his claims for the same reason).

Here, Petitioner filed his motion for summary judgment on the same day he filed his

Petition. *See* Docs. 1-2. He asserted, in his summary judgment motion, that he had "shown, herein,

that there is no genuine dispute as to any material fact, and that he is entitled to judgment as a

matter of law." (Doc. 2, at 10). He requested then, in essence, a default judgment, which is not

available in habeas proceedings. *Allen*, 424 F.2d at 138; *see also Howard v. Miller*, 2016 WL

1047300, at *1 (N.D. Ohio) (explaining the magistrate judge "noted that summary judgment is

disfavored in federal habeas corpus proceedings, as it would be 'tantamount to granting Petitioner

a default judgment which is relief that is unavailable in such proceedings'") (quoting *Ruff v.

Jackson*, 2005 WL 1652607, at *2 (S.D. Ohio)).

Respondent filed an opposition, arguing in part that Petitioner's motion was premature. *See*

Doc. 7, at 1 ("The record has yet to be gathered and filed by which it can be determined whether

there is a disputed issue of fact in the sense Fed [R.] Civ. P. 56(c)."). On December 27, 2017,

Respondent filed a Motion to Dismiss, with the attached state court record. *See* Docs. 12, 12-1.

Petitioner has until January 29, 2018 to file his response to that motion. *See* Doc. 4, at 1 (scheduling

order). Because the issues presented in the Petition are not yet fully briefed, the undersigned

recommends the Court deny Petitioner's motion for summary judgment. (Doc. 2). The arguments presented therein, however, will be considered in the evaluation of the merits of the Petition once the issues are fully briefed.

## CONCLUSION

For the reasons discussed above, the undersigned recommends Petitioner's Motion for Summary Judgment (Doc. 2) be DENIED.


 s/James R. Knepp II
United States Magistrate Judge


*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).