IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DANIEL E. SMELKO,** | Case No. 5:17 CV 1673 |
| Petitioner, | Judge Jeffrey J. Helmick |
| v. | Magistrate Judge James R. Knepp, II |
| **WARDEN DAVID MARQUIS,** | |
| Respondent. | REPORT AND RECOMMENDATION |

### INTRODUCTION

*Pro se* Petitioner Daniel E. Smelko ("Petitioner"), a prisoner in state custody, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). On December 27, 2017, Respondent Warden David Marquis, ("Respondent") filed a Motion to Dismiss. (Doc. 12). On April 20, 2018, Petitioner was ordered to show cause as to why the Petition should not be dismissed. (Doc. 14). As of the date of this recommendation, Petitioner has not filed a response.

The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-Document entry dated August 10, 2017). For the reasons discussed below, the undersigned recommends the Petition be dismissed.

### PROCEDURAL HISTORY

State Court Conviction

On August 27, 2012, in Summit County Common Pleas Court, Petitioner, through counsel, pleaded guilty to one count each of murder and felonious assault. (Ex. 13, Doc. 12-1, at 40-41). The same day, Petitioner was sentenced to a mandatory sentence of fifteen years to life on the

murder charge, and eight years on the felonious assault. (Ex. 14, Doc. 12-1, at 42-43). The crimes were subject to merger as allied offenses of similar import, thereby subjecting Petitioner to an aggregate sentence of fifteen years to life in prison. *Id*.

Direct Appeal

Nearly four years later, on July 29, 2016, Petitioner, *pro se*, filed a notice of appeal (Ex. 16, Doc. 12-1, at 46), and a motion for leave to file a delayed appeal to the Ninth District Court of Appeals, Summit County (Ex. 17, Doc. 12-1, at 48). In his memorandum, Petitioner asserted three assignments of error:

1. The trial court failed to advise me that I had a right to appeal and a right to appointed appellate counsel.[]

2. My Trial counsel also failed to inform me that I had a constitutional right to appeal and a constitutional right to be appointed appellate counsel.

3. I was just brought aware of these rights on July 11, 2016 when informed by an inmate law clerk.

(Ex. 17, Doc. 12-1, at 51) (footnote omitted).

On August 29, 2016, the Ninth District Court of Appeals dismissed Petitioner's motion for a delayed appeal. (Ex. 18, Doc. 12-1, at 56). The court found Petitioner failed to set forth any reason to justify the filing delay. *Id*.

On October 13, 2016, Petitioner, *pro se*, filed a notice of appeal to the Ohio Supreme Court. (Ex. 19, Doc. 12-1, at 57), and a memorandum in support of jurisdiction (Ex. 20, Doc. 12-1, at 60). Petitioner asserted "the Ninth District Court of Appeals erroneously concluded . . . that appellant had 'failed to set forth any reason justifying the delay'", in violation of the Sixth and Fourteenth Amendments, as well as Article I, Section 16 of the Ohio Constitution. *Id*. at 64.

2

**FEDERAL HABEAS CORPUS**

On July 27, 2017[1], Petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). In it, he raises a single ground for relief:

> **GROUND ONE:** Petitioner was denied his right, under the United States and Ohio Constitutions, to appeal his state criminal conviction; where the trial court failed to advise him that he had: (1) a right to appeal; (2) a right to appointment of counsel, if he was unable to obtain counsel for an appeal; and (3) a right to have a notice of appeal timely filed on his behalf. Petitioner was diligent in filing a motion for delayed appeal: as so [sic] as he was made aware of *said* appeal rights.
>
> **Supporting facts:** Although Petitioner had plead [sic] guilty to his criminal charges; he still retained the right to appeal: (1) Abuse of Discretion by the trial court for violating his constitutional and statutory rights *during the guilty plea proceeding*; and (2) ineffective-assistance-of-trial-counsel, for violating his constitutional rights *during the guilty plea proceeding*.

(Doc. 1, at 4) (emphasis in original).[2] Respondent then filed the currently pending Motion to Dismiss (Doc. 12).

---

1. Pursuant to the prison mailbox rule, a *pro se* prisoner's pleading "is deemed filed when the inmate gives the document to prison officials to be mailed." *In re: Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). *See* Doc. 1, at 8-9 (representing that Petition was placed in the prison mailing system on July 27, 2017).

2. Contemporaneously, Petitioner filed a "Petitioner-Initiated Motion for Summary Judgment" (Doc. 2), which Respondent opposed (Doc. 7). This Court issued a Report and Recommendation on January 5, 2018 recommending Petitioner's motion for summary judgment be denied (Doc. 13), and no objections were filed. On June 6, 2018, Judge Jeffrey J. Helmick issued a judgment entry adopting the Report and Recommendation in its entirety thereby denying the motion. (Docs. 15, 16).

**MOTION TO DISMISS**

In the Motion to Dismiss, Respondent contends the Petition is time-barred, or alternatively, the sole ground is non-cognizable. (Doc. 12, at 7). Petitioner has not filed a response. For the reasons discussed below, the undersigned recommends the Petition be dismissed.

Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides for a one-year period during which a prisoner in state custody may file a petition for habeas relief in federal court. 28 U.S.C. § 2244(d)(1). The limitation period begins with any of the following scenarios, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

*§ 2244(d)(1)(D)*

Here, Respondent asserts 28 U.S.C. § 2244(d)(1)(D) is the appropriate point of reference. (Doc 12, at 14). Respondent argues the factual predicate for Petitioner's claim is his knowledge of the right to appeal which he alleges occurred on July 11, 2016 by way of an inmate law clerk. *Id*.

Under § 2244(d)(1)(D), Petitioner "must show that he could not have discovered the factual predicate for his habeas claim earlier through the exercise of due diligence." *See Bey v. Capello*,

4

525 F. App'x 405, 408 (6th Cir. 2013) (citing *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006)); *see also Shorter v. Richard*, 659 F. App'x 227, 232 (6th Cir. 2016) ("In this case, Petitioner's sentencing—at which the district court failed to notify him of his appellate rights under Ohio law—triggered the duty of due diligence. Petitioner has given no explanation for the five-year delay in filing a Rule 5(A) motion, and has not mentioned anything he did to inquire about his potential appellate rights—after receiving the 2008 letter from his lawyer in mentioning the possibility of an appeal—save attaching an affidavit that he first learned of the possibility of appeal in 2013 from another inmate.").

In this case, Petitioner asserts he was "diligent in filing a motion for delayed appeal: as soon as he was made aware of *said* appeal rights." (Doc. 1, at 4) (emphasis in original). However, in the Petition, he offers no evidence of any efforts made to discover his appellate rights from the time of his sentencing in August 2012 until almost four years later when he filed his motion for delayed appeal. Other courts in similar situations have found such delays insufficient to show diligence. *See Archey v. Warden, Madison Corr. Inst.*, 2016 WL 7102980, at *4 (N.D. Ohio) ("Moreover, Petitioner fails to explain what action he took, if any, to learn about his right to appeal. He does not identify any factor that would have prevented him from learning about the right to appeal."), *report and recommendation adopted by* 2017 WL 39612; *Farraj v. Turner*, 2016 WL 5107076, at *2 (N.D. Ohio) ("[A] reasonably diligent prisoner in Farraj's shoes would have discovered that he had a right to appeal, if not immediately after entering his plea, then well before Farraj allegedly discovered that right in August, 2013" [over two-and-a-half years after his conviction became final in January 2010]); *Ray v. Bunting¸* 2016 WL 6246235, at *2 (N.D. Ohio) ("Ray provides no evidence that he did anything to protect his rights following his sentencing, offering instead only conclusory allegations that he did not learn of his right to appeal until 2014

[over two and a half years after sentencing]. He does not allege that he performed or attempted to perform any research or that he asked his lawyer about the possibility of appealing his sentence. Instead, Ray attempts to rely solely on the failure of the trial judge to inform him of his right to appeal."); *Baker v. Wilson*, 2009 WL 313325, at *2 (N.D. Ohio) ("Furthermore, Petitioner has not shown that he was denied access to a law library or law clerks, and he has not advanced any reason as to why he could not have inquired of the law clerks about his appellate rights prior to September 2005" [almost three years after his conviction became final in December 2002]). It is also important to note Petitioner was given multiple opportunities to offer an explanation by filing a response to the motion to dismiss. Petitioner chose not to, and the Court will not fill in those analytical gaps for him. Thus, the undersigned finds Petitioner has failed to show he acted with the diligence necessary to discover his right to appeal, and trigger the later start date in § 2244(d)(1)(D).

Further, it is difficult for Petitioner to argue he did not know he had a right to appeal until a July 2016 conversation with an inmate law clerk, when he executed a written waiver of appellate rights in his plea agreement dated August 2012. (Ex. 13, Doc. 12-1, at 41). Petitioner bears the burden of showing by a preponderance of the evidence that he was not advised of his rights. *Wolfe v. Randall*, 267 F. Supp. 743, 748 (S.D. Ohio 2003) (citing *Faught v. Cowan*, 507 F.2d 273, 275 (6th Cir. 1974)). A guilty plea is valid when it is made freely, knowingly, and voluntarily. *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) (*citing Brady v. United States*, 397 U.S. 742, 748 (1970)); *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994) ("The plea must be made with knowledge of the 'relevant circumstances and likely consequences'") (quoting *Brady*, 397, U.S. at 90). The written waiver in the record supports the conclusion that Petitioner, in fact, knew he had the ability

to appeal but knowingly waived it. Further, Petitioner has not argued the plea was in any way coerced or otherwise ambiguous. Thus, the undersigned recommends the Petition be denied.

*§ 2244(d)(1)(A)*

Alternatively, under § 2244(d)(1)(A), cases become final when the time to file an appeal has expired. *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). Although the statute of limitations is "not jurisdictional," it "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009). Here, Petitioner's conviction became final on September 27, 2012—the expiration of the 30-day period for filing an appeal under Ohio Appellate Rule 4(A). *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 459-60 (6th Cir. 2012) (citing *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2011)). The statute of limitations began running the following day—September 28, 2012—and expired one year later, on September 28, 2013, absent tolling. *See* Fed R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). Thus, the Petition—filed July 27, 2017—is also time-barred under § 2244(d)(1)(A).

*Non-cognizability*

Respondent alternatively argues Petitioner's claim is not cognizable because his sentence is mandatory under state law and not reviewable in federal court. (Doc. 12, at 9, 11). For the reasons outlined below, the undersigned finds Petitioner's claim is not cognizable, and recommends the Petition be dismissed on this alternative basis.

Generally, a sentence imposed within the statutory limits is not subject to habeas review. *Kerr v. Smith*, 2009 WL 88054, at *15 (N.D. Ohio); *Click v. United States*, 869 F.2d 1489, 1490 (6th Cir. 1989) (citing *United States v. Tucker,* 404 U.S. 443, 447 (1972) ("relief is not warranted because the sentence fell within the statutory limits")). Here, Petitioner pleaded guilty to one count

of murder in violation of O.R.C. 2903.02, and one count of felonious assault in violation of O.R.C. 2903.11(A)(1). (Ex. 14, Doc. 12-1, at 42). Under Ohio law, murder carries a mandatory life sentence with parole eligibility after fifteen years. *See* Ex 14, Doc. 12-1, at 42; *see also* O.R.C. §§ 2929.13(F), and 2929.14(D)(3). In this case, Petitioner received that exact sentence. (Ex. 14, Doc. 12-1, at 42). Therefore, he was appropriately sentenced within Ohio's statutory parameters, and this Court is bound by state sentencing laws. *White v Keane,* 696 F.2d 1381, 1383 (2nd Cir. 1992); *Kerr* , 2009 WL 88054, at *15 (claims arising out of a state trial court's sentencing decision "are generally not cognizable under federal habeas review unless Petitioner can show the sentence imposed exceeded the statutory limits or is whole unauthorized by law."). Here, Petitioner has not argued his sentence was excessive or otherwise contrary to Ohio's sentencing laws. Thus, for this additional reason, the undersigned recommends the Petition be denied.

## CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, the Court recommends the Petition be dismissed as time-barred, or alternatively, as non-cognizable.

s/James R. Knepp, II<br>
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).